IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RONNIE WHEELESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TCM FINANCIAL SERVICES, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, RONNIE WHEELESS, by and through his attorneys, Fortas Law Group, LLC., and for his Complaint against the defendant, TCM FINANCIAL SERVICES, LLC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. RONNIE WHEELESS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Appling, County of Columbia, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Sands Beach Club (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Sands Beach Club was for a time share purchase which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. TCM FINANCIAL SERVICES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia. Defendant's principal place of business is located in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. On or about September 3, 2014, Defendant placed a telephone call to Plaintiff to a cellular phone.

15. The aforementioned call came in to Plaintiff with an indication on Plaintiff's cellular telephone screen that the call was from a "restricted number."

16. Plaintiff then and there informed the caller that this phone was a cellular phone used by both him and his wife, and that it was not a convenient number to reach him.

17. Plaintiff then and there advised Defendant to no longer call him on that telephone number as it was an inconvenient place to contact Plaintiff.

18. Defendant's representative responded to Plaintiff that he would call any time and any place that they want to until the Debt is paid.

19. Thereafter, Defendant proceeded to call multiple times to that same cellular telephone number including on or about the following dates and approximate times: September 3, 2014 at 2:54 p.m. and 8:18 p.m., September 4, 2014 at 2:26 p.m., September 6, 2014 at 9:56 p.m., September 8, 2014 at 6:16 p.m., September 9, 2014 at 3:54 p.m., September 12, 2014 at 8:30 p.m., September 15, 2014 at 6:07 p.m., September 18, 2014 at 5:17 p.m., September 19, 2014 at 7:17p.m., September 24 at 5:28 p.m. and 7:17 p.m., September 29, 2014 at 6:33 p.m., October 3, 2014 at 4:53 p.m., October 4, 2014 at 3:44 p.m., October 7, 2014 at 1:02 p.m., October 11 at 11:58 a.m.

20. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

21. Defendant placed at least one call to Plaintiff after the hour of 9:00 p.m.. Specifically, on or about September 6, 2014, Defendant placed a call to Plaintiff at 9:56 p.m.

22. On or about August 26, 2014, Defendant sent correspondence to Plaintiff in an attempt to collect the Debt.

23. The aforementioned letter to Plaintiff stated: "Unless you notify this office within 30 days after receiving notice that you dispute the validity of this debt or any portion thereof this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current.

24. Defendant's letter to Plaintiff is confusing and improperly notifies Plaintiff of his rights under the FDCPA.

25. Defendant's letter to Plaintiff fails to notify Plaintiff that unless he disputes the validity of the debt or any portion thereof, Defendant will assume the debt is valid. Rather, Defendant's letter advises Plaintiff that unless he notifies the Defendant of his dispute, Defendant will provide validation. This can be interpreted to mean that if Plaintiff does notify Defendant of any dispute, Defendant will not provide validation of the debt.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Sands Beach Club, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   d. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   e. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RONNIE WHEELESS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RONNIE WHEELESS**

By:   s/ Scott Fortas
       Attorney for Plaintiff

Dated: November 26, 2014

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1936 N. Druid Hills Rd., Suite 100B
Atlanta GA 30319
Telephone:(404) 315-9936
Facsimile: (404) 636-5418
E-Mail:     sfortas@fortaslaw.com